951 F.2d 1260
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Maryann P. SWAN, Plaintiff-Appellant,
v.
Wayne RILEY; Marty Kauffman; and Richard Newton Sway,
Defendants-Appellees.
 No. 91-4062.
 United States Court of Appeals, Tenth Circuit.
 Dec. 23, 1991.
 
 Before JOHN P. MOORE, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Ms. Swan appeals the summary judgment in favor of defendant police officers.[1] We affirm.
 
 
 3
 Ms. Swan sued two police officers under 42 U.S.C. § 1983. The thrust of her suit was simple: while she was separated from her husband, but prior to the entry or any divorce or custody decrees, the two officers assisted her husband in taking the children for a visit. The husband failed to return the children and took them out of state.
 
 
 4
 Defendants filed a motion for summary judgment and the case was referred to a Magistrate Judge who recommended it be granted stating:
 
 
 5
 The officers had no reason to believe the husband would not return the children as promised. They say they are entitled to qualified immunity where there was no custody order to the contrary and no obvious violation of federal rights.
 
 
 6
 We agree. Where no custody order had yet been entered, the plaintiff had no custody rights superior to husband's. And as the Tenth Circuit has explained, custody and visitation disputes are "a subject uniquely reserved [to] the state court system." Wise v. Bravo, 666 F.2d 1328, 1333 (10th Cir.1981).
 
 
 7
 As no specific substantive objection was filed to the magistrate's report, the district court adopted this ruling and entered summary judgment in favor of defendants.
 
 
 8
 Ms. Swan asserts she is entitled to present her constitutional claims at trial contending: (1) Plaintiff's right to unimpeded custody of her children is an established and protected right; and (2) reasonable police officers know that to enforce the preference of one parent over another in a custodial dispute without due process is a violation of a clearly established constitutional right.
 
 
 9
 We review the district court's grant of summary judgment de novo. The significant facts are undisputed. Ms. Swan and her then husband had separated some time before the incident. No court orders existed concerning divorce or parental rights including either custody or visitation although the husband had initiated divorce proceedings in another state. Ms. Swan was living with a male whom she had met at an alcohol rehabilitation program, and the minor children were residing in this household in Draper, Utah.
 
 
 10
 The husband's out-of-state attorney caused the Draper Chief of Police to be called and informed there was a male person living at Ms. Swan's residence who intimidated the husband and asked if the police would assist in a "keep-the-peace capacity." The husband requested the Chief to serve the divorce papers when he picked up the children for a visit. The Chief agreed but included the caveat that if anything went wrong the visit would be ended and the status quo would be maintained.
 
 
 11
 The husband informed the police office of the identity of the male living at Ms. Swan's residence. The police knew this individual from prior arrests and knew him to have an alcohol problem and to be "intimidating ... loud, mouthy, boisterous and [a] very pushing individual." At the police officer's request, the husband then called his wife's residence and the male answered the telephone. Husband informed the male he was coming to the residence.
 
 
 12
 The two defendant police officers and the husband went to Ms. Swan's residence. The police officers were in uniform and armed. None of the three entered Ms. Swan's home, a conversation taking place on the drive near the front door. One of the police officers told Ms. Swan the husband was there "to see the kids, he has a right to see his kids, he wants to take them for a visit."
 
 
 13
 Neither Ms. Swan nor her male friend made any protestations. Ms. Swan's male friend told the husband to "have the children back by 5:00," and the husband agreed to have them back in "a little while." The police officers said to call them if the children were not back by 5:00. The children left with their father who took them to his home in Nevada. The husband decided not to return the children only after seeing the children's condition. After the children left, one of the defendants served Ms. Swan with the Nevada divorce papers. At 5:00 p.m., Ms. Swan called the police and told them the husband had not returned the children.
 
 
 14
 In her affidavit, Mr. Swan stated her husband was formerly abusive; had failed to visit the children for eight months; had not supported the children; that she was shocked, stunned and intimidated by the police officers' presence; and she would not otherwise have allowed her husband to take the children.
 
 
 15
 Based on these facts, Ms. Swan asserts the defendants impaired her constitutional rights in violation of § 1983. The defendants contend qualified immunity shields them from this allegation.
 
 
 16
 Once qualified immunity has been raised, plaintiff must come forward with facts to show defendant's conduct violated the law and the law was clearly established when the acts occurred. Pueblo Neighborhood Health Centers, Inc. v. Losavio, 847 F.2d 642, 646 (10th Cir.1988). The parties have devoted a significant portion of their briefs debating whether the police officers acted in good faith. However, since Harlow v. Fitzgerald, 457 U.S. 800, 815 (1982), our inquiry is limited to: Did the officials violate clearly established law about which they should have known? It is plaintiff's obligation to specifically identify the clearly established federal law violated.
 
 
 17
 Ms. Swan identified her federal right violated as a violation of the Fourteenth Amendment "in that there is a constitutionally protected liberty interest in the companionship and society of parents and their children interference with which must be accompanied by procedural due process protections."
 
 
 18
 We regard Wise v. Bravo, 666 F.2d 1328 (10th Cir.1981) as dispositive. In Wise, husband sued under § 1983 for a deprivation of his procedural due process rights guaranteed under the Fourteenth Amendment. A divorce decree existed giving the wife custody of the parties' daughter. Husband took the child for a visit and the wife demanded the return of the child "that night." Id. at 1330. Wife unsuccessfully attempted to gain custody and then went to the defendant police officers. Defendants went to husband's residence and husband surrendered the child without protest following defendant's incorrect representations he had to return the child. We held husband failed to demonstrate he suffered any cognizable due process of law protection guaranteed him by the Fourteenth Amendment. Id. at 1333.
 
 
 19
 In the case before us, defendant police officers failed to make any incorrect representations and Ms. Swan surrendered the children without protest of any type or nature. In fact, at least by implication, she consented to husband's taking of the children. The defendant police officers were not placed on any type of notice that Ms. Swan had any objection to husband's taking or that Ms. Swan in any way disputed her husband's right to take the children. Ms. Swan failed to demonstrate the defendant police officers violated clearly established law which they should have known.
 
 
 20
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Husband was also a defendant. Following trial the district court found in wife's favor and awarded her $500 in damages. Wife has apparently filed a separate appeal concerning this judgment